UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 05-cr-10168-DPW |
| v. | |
| DANIEL TUNNELL, | |
| Defendant | |

GOVERNMENT'S SENTENCING MEMORANDUM

Daniel Tunnell pled guilty, on August 24, 2005, to an information charging him with one count of filing a false tax return, under 26 U.S.C. § 7206(1). Sentencing is scheduled for July 20, 2006. The government submits this memo to outline its position on the Sentencing Guideline calculation and to express its opposition to the defense's proposed tax loss figure.

A.   The Plea Agreement

In the plea agreement, the parties agreed that:

(1) in 2001 and 2002 combined, at Tunnell's request, his co-workers at Computer Associates ("CA") gave him $71,172, which represented a portion of their sales commissions;

(2) this $71,172 was income for Tunnell; and

(3) Tunnell did not report this income on his 2001, 2002 tax returns.

The government agreed, in the plea agreement, to take the following position as to the

Sentencing Guidelines calculation:

- Because the tax loss is more than $12,500 but less than $30,000, the base offense level is 12 (§2T4.1D).

- No other enhancements apply.

- The defendant receives a two level reduction for acceptance of responsibility under §3E1.1.

- The adjusted offense level is 10.

The presentence report adopted the government's Guideline calculation. PSR ¶¶ 15-24.

B.  Tax Loss

The government has not identified any authority that provides definitive guidance about how to calculate the tax loss here. Nonetheless, the government suggests that a review of the offense conduct and the general principles that apply when computing loss in tax cases demonstrates that the proper loss figure is $27,182.

In 2001 and 2002, CA employees received, as part of their compensation, sales commissions, from which income tax had been withheld. Eight of those employees then, at Tunnell's request, wrote him checks, totaling $71,172, for a portion of those commissions. In pleading guilty, Tunnell admitted that these payments were income to him and that he wilfully failed to report them on his tax returns for 2001 and 2002. Had he reported these payments, he would have been obligated to pay the IRS an additional $27,182 in income tax

2

for those two years.  His failure to report this income, therefore, caused the IRS a $27,182 loss.  Because tax loss, under U.S.S.G. § 2T1.1 is, as the defense states, "intended to reflect the loss to the government from the defendant's behavior," United States v. Gordon, 291 F.3d 181, 187 (2nd Cir. 2002), this should be the loss amount for sentencing purposes.

The defendant cites to no authority, and there appears to be none, to support the proposition that the he is entitled to a tax-loss deduction because the people who paid him money had already paid income tax on it.  The Internal Revenue Code § 61 requires that all measurable monetary gain be reported as income, so the fact that other CA employees had paid taxes on their commissions before, in turn, paying Tunnell is irrelevant.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955).  See also Marvin A. Chirelstein, Federal Income Taxation 1 (1991).

As an analogy, consider Employee A, who receives $75,000 in annual salary, from which taxes are withheld by his employer.  Employee A then decides to give $5,000 of his take-home pay to his secretary, in payment for the secretary's beyond-the-call-of-duty service during the year (but not as a gift).  If the secretary chose not to report the $5,000 as income, the loss amount would be 28% (or whatever the relevant rate was) multiplied by $5,000.  It would make no difference that Employee A already paid income tax on this money.  The same principle should apply to Tunnell.

C.     Tunnell's Cooperation

The government agrees with the statements Tunnell made in his sentencing memo

3

about his cooperation. However, as he notes, because he did not testify before the grand jury or at trial and because his name did not appear on the government's witness list, the government will not be filing a motion under U.S.S.G. §5K1.1.

D. Government's Sentencing Recommendation

The Court should sentence Daniel Tunnell to:

- 36 months probation, six of which to be served in home detention;

- $2,000 fine;

- $20,151 in restitution[1]; and

- $100 special assessment.

Respectfully Submitted,<br>
MICHAEL J. SULLIVAN<br>
United States Attorney

By:   /s/ Adam Bookbinder
      Adam J. Bookbinder
      Assistant U.S. Attorney

---

[1] This is the tax due for 2001. Tunnell has paid the 2002 tax as part of a civil resolution with the IRS, but the 2001 obligation could not be resolved civilly because it falls outside the civil statute of limitations period.

CERTIFICATE OF SERVICE

      I certify that this document will be filed through the ECF system, which will provide electronic notice to counsel listed on the Notice of Electronic Filing.

                                                     /s/ Adam Bookbinder

Dated: July 13, 2006                                       Adam Bookbinder